IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
                Plaintiff,

vs.                              1:18-CR-03661-JCH

JUSTIN RILEY BRAFFORD,
                Defendant.

### REPLY TO GOVERNMENT'S RESPONSE TO MR. BRAFFORD'S MOTION TO DISMISS

The government dedicates most of its response to a recitation of irrelevant evidence – Mr. Brafford's alleged conduct in pursuing a romantic encounter with another passenger. [Doc. 26, 1-3; 4] While possibly trying and unpleasant for M.W., that conduct does not go to any element of interference with flight crew, 49 U.S.C. § 46504. The Tenth Circuit does not have pattern jury instructions for this, however, both the Eleventh and Eighth circuit do. Additionally, the First Circuit specified the elements of 49 U.S.C. § 46504 in *United States v. Flores*,

968 F.2d 1366, 1369–70 (1st Cir. 1992). The Government did not dispute the core conduct concerning the charge.

Two elements relate to the Mr. Brafford's conduct: 1) "the defendant knowingly [assaulted] [intimidated] a flight-crew member or flight attendant of the aircraft;" and 2) "the [assault] [intimidation] interfered with or lessened the ability of the crew member or flight attendant to perform his duties." *See* 8th Cir. Crim. Jury Instr. §6.49.46504 (2013); 11th Cir. Crim. Jury Instr. § O118 (2016). The *Flores* Court explained, "simple assault on a flight attendant under section 1472(k)(1) is a lesser included offense of assault that interferes with a flight attendant's duties under section 1472(j)[1]." *United States v. Flores*, 968 F.2d 1366, 1371 (1st Cir. 1992).

Mr. Brafford's actions towards M.W., the effect of his outburst on passengers, or his conduct once removed from the airplane - even if completely true as government alleges - are simply irrelevant. Those incidents shed no light whatsoever on whether: 1) Mr. Brafford

---

[1] As noted in the Motion to Dismiss, Congress replaced Section 1472(j) with Section 46504 in 1994, but there was no substantive change in the law. Similarly, 1472(k) was recodified as 45606; again with no substantive changes. *See* H.R. Rep. No. 103–180, at 391 (1993).

"threaten[ed] to hurt" the flight attendant, C.W. (who is male and both taller and heavier than Mr. Brafford), and "had an apparent and immediate ability to carry out the threat, such as by pointing or brandishing a dangerous weapon;" and 2) his outburst "interfered with or lessened the ability of the flight attendant to perform his duties." *See* 11th Cir. Crim. Jury Instr. § O118.

The Government does not dispute the relevant facts that Mr. Brafford never disobeyed a direct order and he never touched or even attempted to touch the male flight steward, C.K.. The Government concedes that Mr. Brafford's alleged felonious behavior constituted only one short outburst "standing up and yelling at C.K," "yelling at the top of his lungs and us[ing] the word 'fuck' a lot." [Doc. 26, 3]

More telling, the Government affirmatively states the flight steward, C.W., initiated the confrontation with Mr. Brafford. [Doc. 26, 3] After the prior interaction with M.W. was over and Mr. Brafford was sitting calmly in his seat, C.W. castigated him. The Government omits in its retelling of the short outburst that Mr. Brafford told the larger C.W. to "stop threatening" him.

As the Tenth Circuit held, "nothing in the statute prohibits profanity or any other content, per se." *United States v. Lynch*, 881 F.3d 812, 818(10th Cir. 2018). Rather, "the statute serves the significant governmental interest of prohibiting conduct that could otherwise present *a significant threat to public safety* for airline passengers and employees." *Id.* (emphasis added).

The Government does not, because it cannot, point to any case where a one-time short verbal outburst with no physical contact and where the passenger did not disobey a direct order is sufficient for interference with flight crew under 49 U.S.C. § 46504. *See e.g. Lynch*, 881 F.3d at 818 (holding defendant's conduct in "[s]creaming in flight attendants' faces, shouting vile insults at them, and refusing to calm down" for 90 minutes combined with "his repeated offensive touching of Attendant Ander" sufficient for conviction under 49 U.S.C. § 46504); *United States v. Meeker*, 527 F.2d 12, 13–14 (9th Cir. 1975) (holding defendant's conduct in hitting co-pilot, ignoring order to sit-down, and requiring at least three people – including the pilot – to subdue him sufficient for conviction under 49 U.S.C. § 46504); *United States v. Grossman*, 131 F.3d 1449, 1450 (11th Cir. 1997) (holding evidence

4

sufficient to uphold conviction under 49 U.S.C. § 46504 where the defendant ran toward the front of the plane yelling obscenities and shoved flight attendant). Quite simply, Mr. Brafford's actions, while immature and obnoxious, do not rise to the level of assault. There was no "intentional and voluntary attempt or threat to do injury to the person of another, [ ] coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm." 8th. Cir. Crim. Jury Instr. §6.49.46504. Nor would Mr. Brafford's actions "place a person in reasonable apprehension of bodily harm." *Id.*

The statute is vague as applied to Mr. Brafford. While conceding § 46504 "does not criminalize profanity or vulgarity," [Doc. 26, 6] the Government nonetheless relies heavily on the profanity and vulgarity used in the one-time short outburst at the male flight steward. Certainly, passengers use such language daily on airline flights in this country. Short outburst are also common and have been witnessed several times by defense counsel.

An ordinary person or flight crew does not know where the line of criminality begins. How the flight crew feels about a passenger, who is

merely complaining, albeit using strong or offensive language, appears to determine whether the behavior is felonious or merely impolite. *See Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972) ("A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application."). Indeed, Mr. Brafford's conduct would not be criminal assault if the outburst had been directed at a rude waiter instead of a male steward. As noted in the Motion to Dismiss, case law does not shed sufficient light on the meaning of the statute. In all the cases cited, the conduct was exponentially more egregious than what Mr. Brafford is accused of. Moreover, as noted in the Motion to Dismiss, similar conduct has not led to charges.

Finally, the Government's argument has now led to a venue issue. If the Government is correct that the one-time short outburst completed the crime and there is no requirement for ongoing conduct, then venue would not be New Mexico unless it can be shown the outburst occurred in New Mexico, which it has not.

Therefore, for the reasons stated above and in the Motion to Dismiss, Mr. Braford requests this Court dismiss the indictment with prejudice.

        Respectfully submitted,

        FEDERAL PUBLIC DEFENDER
        111 Lomas NW, Suite 501
        Albuquerque, NM 87102
        (505) 346-2489
        john_butcher@fd.org

        ***s/ John V. Butcher***
        Attorney for Defendant