IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| vs. | ) No. 18CR3661 KBM |
| JUSTIN RILEY BRAFFORD, | ) ) |
| Defendant. | ) ) |

## PLEA AGREEMENT

Pursuant to Rule 11 (c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, **JUSTIN RILEY BRAFFORD**, and the Defendant's counsel, John Butcher:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

   a. to plead not guilty, or having already so pleaded, to persist in that plea;

   b. he may have a right to a trial; and

   c. at a trial:

      1) to confront and cross-examine adverse witnesses,

      2) to be protected from compelled self-incrimination,

       3)       to testify and present evidence on the Defendant's own behalf,

and

       4)       to compel the attendance of witnesses for the defense.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The Defendant agrees to waive these rights and to plead guilty to the information, charging a violation of 18 U.S.C. § 113(a)(5), that being Simple Assault within the Special Aircraft Jurisdiction of the United States 49 U.S.C. § 46501 (Class B Misdemeanor).

### SENTENCING

4.    The Defendant understands that the minimum and maximum penalty provided by law for this offense is:

    a.    imprisonment for a period of up to six months;

    b.    a sentence of probation for a period of up to 5 years;

    c.    a fine not to exceed $5,000;

    d.    a mandatory special penalty assessment of $10.00; and

    e.    restitution as may be ordered by the Court.

5.    The parties recognize that the federal sentencing guidelines do not apply.

### ELEMENTS OF THE OFFENSE

6.    If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

18 U.S.C. § 113(a)(5), Assault within the Special Aircraft Jurisdiction of the United States 49 U.S.C. § 46501

    *First*:    the Defendant did assault M.W. by offensively touching her;

*Second*:	the assault occurred within the special maritime and territorial jurisdiction of the United States; That is, within the special aircraft jurisdiction of the United States.

Simple assault, as used in § 113(a)(5), incorporates both of the common-law crimes of assault and battery; thus, offensive touching does constitute simple assault regardless of whether the Defendant possessed any specific intent to injure.

### DEFENDANT'S ADMISSION OF FACTS

7. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**During Southwest Airlines flight 859 from Los Angeles, California to Dallas, Texas, I, JUSTIN RILEY BRAFFORD, did assault the victim by offensively touching the leg and feet of M.W. This happened on October 16, 2018, in the District of New Mexico, on an aircraft within the special aircraft jurisdiction of the United States.**

8. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

3

**RECOMMENDATIONS**

9. The United States and the Defendant recommend as follows:

   a. The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a specific sentence of five years probation.

   b. The Defendant shall pay restitution in the amount of $2,720 to Southwest Airlines without interest or penalties.

   c. The Defendant and the United States agree to waive a Presentence Report and immediately impose the sentence.

   d. The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.  However, if the Court orders a Presentence Report, the United States will not oppose the release of the Defendant on conditions of release.

10. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

11. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

12. The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

13. By signing this plea agreement, the defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, Defendant understands that if the court rejects the plea agreement, whether or not Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed.

## WAIVER OF APPEAL RIGHTS

15. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence,

5

including any fine, at or under the maximum statutory penalty authorized by law. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance within the statutory limits of the offense, as well as any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number. In other words, the Defendant waives the right to appeal both the Defendant's conviction(s) and the right to appeal any sentence imposed in this case. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

16.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

The United States will dismiss the Indictment and not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

17.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

18. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

19. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $10.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

20. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this _9th_ day of _August_, 2019.

JOHN C. ANDERSON
United States Attorney

PRESILIANO TORREZ
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

   I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

                     John Butcher
                      Attorney for the Defendant

   I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

                      JUSTIN RILEY BRADFORD
                      Defendant